UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CARRIE PARSONS, | ) |
|      Plaintiff, | ) |
| | ) No. 11-CV-298 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| SOUTHERN TENNESSEE MEDICAL CENTER, LLC, | ) |
| | ) |
|      Defendant. | ) |

## **MEMORANDUM**

Before the Court is Defendant Southern Tennessee Medical Center, LLC's motion for summary judgment (Court File No. 40). Plaintiff Carrie Parsons ("Parsons") responded in opposition to this motion (Court File No. 44) and Defendant replied to Parsons's response (Court File No. 47). Parsons alleges that Defendant violated the Americans with Disabilities Act ("ADA") when it refused to accommodate her disability. Defendant argues the Court should estop Parsons from bringing this claim because she failed to disclose it in her bankruptcy filings.[1] For the following reasons, the Court agrees with Defendant that judicial estoppel precludes Parsons from pursuing her ADA claim and will **GRANT** Defendant's motion for summary judgment (Court File No. 40).

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Parsons worked for Defendant as a Central Sterile Technician. As a part of her duties, she was required to handle sterile medical instruments and retrieve them in emergency situations. In

---

[1] Alternatively, Defendant argues Plaintiff is not disabled, is not otherwise qualified to fill her position, never requested one of the claimed accommodations, and otherwise requested unreasonable accommodations. Because the Court concludes that judicial estoppel must be applied, it need not consider these alternative arguments.

December 2005, while handling a mop bucket, Parsons injured herself and her physician restricted her from lifting more than twenty pounds or performing activity at or above the shoulder. She therefore was incapable of placing or retrieving the sterile instruments from their shelf and could not clean much of the area she was responsible for cleaning. Her shoulder injury persisted for years, eventually requiring surgery in 2009. After placing Parsons on leave and light-duty positions, Defendant concluded that Plaintiff could not perform the essential functions of her job. Defendant also denied Parsons's requests for accommodation. In March 2010, Defendant terminated Parsons's employment.

This relatively straightforward ADA case has one major complication: Parsons filed bankruptcy in 2007. Her bankruptcy case remained open when she was terminated, when she filed a charge with the Equal Employment Opportunity Commission, and when she filed the instant lawsuit. After she was terminated, she filed a motion with the bankruptcy court for a modified plan that accounted for her diminished income. The bankruptcy court granted the motion and confirmed the modified plan. It was not until one year after this case was filed that Parsons notified the bankruptcy court of this cause of action.[2] Moreover, she did so only after Defendant's counsel brought the issue to her attention.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as

---

[2] When Parsons amended her bankruptcy filing, the parties filed a motion for a status conference in light of the Sixth Circuit's opinion in *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902 (6th Cir. 2012), which held that a debtor in bankruptcy did not have standing to pursue her claim. The bankruptcy trustee intervened in this case as plaintiff, and the Court held a hearing to determine whether Parsons had standing to pursue her claim. At the hearing, the Court determined–and all parties agreed–that Parsons has standing to pursue this claim (Court File No. 28). Subsequently, the trustee withdrew from the case (Court File No. 42).

2

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based merely on its allegations; it must submit significant probative evidence to support its claims. *See Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Should the non-movant fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should enter summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**III. DISCUSSION**

Defendant claims Parsons is judicially estopped from raising the instant claims because she failed to notify the bankruptcy court of this cause of action until defense counsel brought the issue to her attention.

In the context of an employment-related claim not disclosed in bankruptcy, courts in the

3

Sixth Circuit apply judicial estoppel if "(1) the debtor assumed a position contrary to one she asserted under oath while in bankruptcy; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the debtor's omission did not result from mistake or inadvertence." *Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Employees*, 741 F.3d 686, 698 (6th Cir. 2014) (citation omitted). "Failure to disclose a claim in a bankruptcy proceeding also may be excused where the debtor lacks a motive to conceal the claim, or where the debtor does not act in bad faith." *Id.* (citations omitted).

This doctrine "preserve[s] 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). Although there is "no set formula for assessing when judicial estoppel should apply," *In re Commonwealth Inst. Sec.*, 394 F.3d 401, 406 (6th Cir. 2005), at a minimum, "a party's later position must be clearly inconsistent with its earlier position," *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, LLP*, 546 F.3d 752, 757 (6th Cir. 2008) (alterations and internal quotation marks omitted).

Here, Parsons took an inconsistent position in bankruptcy court. Parsons argues that her position was not clearly inconsistent because her initial filing preceded the date her cause of action accrued. However, "[i]t is well-settled that a cause of action is an asset that must be scheduled under § 521(1). Moreover, the duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (quotation marks and citation omitted); *see Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004). Parsons had a "continuing" duty to disclose all causes of action and her failure to amend her filings or to disclose the claim when it accrued or when she filed this action constitutes an

4

inconsistent position. *See Kimberlin v. Dollar General Corp.*, 520 F. App'x 312, 313, 315 (6th Cir. 2013) (affirming the application of judicial estoppel to a plaintiff who failed to "amend[] her filings or otherwise disclose[] the potential claim" to the bankruptcy court "[i]n light of her ongoing duty to disclose assets during bankruptcy"). "[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Lewis*, 141 F. App'x at 424 (citation omitted). By failing to disclose the claim to the bankruptcy court, Parsons is "asserting a position that is contrary to the one she asserted under oath in a prior proceeding." *See Lorrilard*, 546 F.3d at 757.

The bankruptcy court also adopted the prior position. After Parsons was fired, she filed a motion to modify her plan because her income decreased and thus her plan payments should be lowered. *In re: Dewayne Eddie Parsons, et al.*, No. 07-14615 (E.D. Tenn. Bankr. Mar. 22, 2010) (Court File No. 56).[3] The bankruptcy court granted this motion and confirmed a modified plan. *Id.* (Court File No. 58). Simply put, confirming a plan constitutes an adoption of Parsons's inconsistent position. *Lewis*, 141 F. App'x at 425 ("[I]t is also clear that in confirming Lewis's Chapter 13 plan, the bankruptcy court adopted Lewis's statement that she had no potential causes of action."); *see also Reynolds v. Comm'r of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988) ("[W]hen a bankruptcy court–which must protect the interests of all creditors–approves a payment from the

---

[3] The Court may take judicial notice of these filings. *See Malin v. JPMorgan*, 860 F. Supp. 2d 574, 578 (E.D. Tenn. 2012). The Court's knowledge of these filings comes primarily from Defendant, but its representations are unchallenged. The Court also notes that the bankruptcy court denied the trustee's motion to dismiss the case three times before the bankruptcy schedules were amended to include this action (Court File No. 44-9, Bankruptcy Docket, Case Files 73, 80, 87). Additionally, the bankruptcy court entered an amended order during this time period (*id.* at Case File No. 84). Whether any or all of these additional actions was predicated on Parsons's inconsistent position is unclear.

5

bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position."). That is, Parsons's failure to disclose her cause of action, as required by her continuing duty to disclose, amounts to an inconsistent position with filing suit in this court. When the bankruptcy court confirmed her plan after her cause of action accrued, it adopted that contrary position.

Parsons main argument is that she did, in fact, amend her petition after defense counsel brought to her attention that she had failed to do so. Because her bankruptcy case was not closed until after she notified the bankruptcy court of her cause of action, she argues that judicial estoppel is inappropriate here. However, this sort of no-harm-no-foul argument is routinely rejected.

> Allowing [plaintiff]s to back-up, re-open the bankruptcy case, and amend [their] bankruptcy filings, only after [their] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002). Although Parsons did not have to re-open her bankruptcy case, the principal is equally applicable in a case such as this one, where Parsons disclosed her cause of action only in response to her adversary notifying her of the omission. *See, e.g.*, *Clarke v. United Parcel Serv., Inc.*, 421 B.R. 436, 442 (W.D. Tenn. 2010); *Tyler v. Fed. Express Corp.*, 420 F. Supp. 2d 849, 857 (W.D. Tenn. 2005). As the Sixth Circuit has observed, crediting a plaintiff's attempts to update her bankruptcy case under these circumstances "would encourage gamesmanship, since [she] only fixed her filings after the opposing party pointed out that those filings were inaccurate." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 481 (6th Cir. 2010)

Nor does the Court find convincing Parsons's argument that this case is unique because she

amended her bankruptcy filings before Defendant actually moved the Court to bar Parsons's claim. The fact remains that Parsons did not notify the bankruptcy court of her action until defense counsel brought it to her attention. *See Coppedge v. Suntrust Banks, Inc.*, No. 3:08-CV-23(HL), 2009 WL 111639, at *4 (M.D. Ga. Jan. 14, 2009) ("Plaintiff's tardy amendment to her bankruptcy forms does not save her claim from the application of judicial estoppel. Plaintiff only amended her bankruptcy forms to report this claim after she was notified by Defendants that they would be seeking summary judgment based on judicial estoppel."). Either way, the plaintiff only sought to update her bankruptcy court filings after "the opposing party pointed out that those filings were inaccurate." *White*, 617 F.3d at 481. The Court thus concludes that Defendant has established the first two prongs of the judicial estoppel showing: Parsons assumed an inconsistent position in bankruptcy court that the bankruptcy court adopted.

However, the Court's inquiry does not end there. As noted above, judicial estoppel is not applicable in "cases of conduct amounting to nothing more than mistake or inadvertence." *Browning*, 283 F.3d at 776. When considering whether a debtor's omission of a claim resulted from mistake or inadvertence, courts look to "whether: (1) [the debtor] lacked knowledge of the factual basis of the undisclosed claims; (2) [the debtor] had a motive for concealment; and (3) the evidence indicates an absence of bad faith." *White.*, 617 F.3d at 478. With respect to the bad faith inquiry, the court "will look, in particular, at [the debtor's] 'attempts' to advise the bankruptcy court of her omitted claim." *Id*. "Since the bankruptcy system depends on accurate and timely disclosures, the extent of these efforts, together with their effectiveness, is important." *Id*. at 480.

Although Parsons argues her failure to disclose this cause of action to the bankruptcy court was inadvertent, she fails to satisfy the *White* factors. First, she clearly had knowledge of the factual

7

<em>Case 1:11-cv-00298-CLC-WBC   Document 48   Filed 05/23/14   Page 7 of 12   PageID #: 585</em>

basis underlying this claim. Important to this case, "[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (internal alterations and quotation marks omitted). Parsons sought and obtained a modification of her plan following her termination. Thus when the modified plan was confirmed, Parsons knew she had been terminated and that her alleged requests for accommodation had been denied. Moreover, Parsons filed an EEOC charge only seven months later and actually filed suit before she notified the bankruptcy court of this claim. In addition to failing to disclose this cause of action when it was merely potential, she failed to disclose this cause of action when she took affirmative steps to pursue it. *See Campana v. Things Remembered, Inc.*, No. 1:12CV106, 2013 WL 271807, at *5 (N.D. Ohio Jan 24, 2013) ("She not only failed to notify the court before the plan was confirmed, but also failed to disclose to the court the causes of action after the plan was confirmed, as is required by 11 U.S.C. § 521(1).").

Second, Parsons had a motive for concealment. "[I]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis*, 141 F. App'x at 426. Although the Court has acknowledged that there may be unique cases in which this general principal is not true, *see Crankshaw v. CSX Transp., Inc.*, No. 1:11-cv-377, 2013 WL 5276573, at *3 (E.D. Tenn. Sept. 18, 2013), this is not such a case. Parsons stood to benefit at the time she failed to disclose this action because it minimized the assets subject to her creditors' claims. *See White*, 617 F.3d at 479 ("[I]f the harassment claim became a part of her bankruptcy estate, then the proceeds from it could go towards paying White's creditors, rather than simply to paying White.").

Because Defendant has provided evidence showing Parson's omission in her bankruptcy filings, that the bankruptcy court adopted her position, that she knew of the facts underlying her ADA claim, and that she had a motive to conceal her claim, Parsons "must now point out evidence that shows an absence of bad faith (in particular, through her attempts to correct her initial omission) and that her omission resulted from inadvertence or mistake and was not intentional." *Id.* at 478 n.4; *see also Piper v. Dollar General Corp.*, No. 3:11–554, 2011 WL 4565432, at *5 (M.D. Tenn. Sept. 29, 2011) ("[O]n a summary judgment motion, if the defendant comes forward with evidence establishing the first two prongs ('contrary position' and 'adoption'), along with 'factual' knowledge of the claim and 'motive,' it is then the plaintiff's burden to come forward with affirmative evidence establishing 'absence of bad faith.'") (quoting *White*). As the Sixth Circuit explained in *White*, a debtor's attempts to advise the bankruptcy court of her omitted claim are highly probative of her bad faith or lack thereof. *See White*, 617 F.3d at 478. "[S]ince judicial estoppel seeks to prevent parties from abusing the judicial process through cynical gamesmanship, the timing of [her] effort is also significant." *Id.* at 480. Thus courts make an important distinction between a plaintiff's attempts to amend her filings that come before her adversary notifies her of her failure to disclose a cause of action and those that come after. *Id.* ("Consequently, efforts to correct an omission that came before the Defendants filed their motion to dismiss are more important than efforts that came after the Defendants filed their motion to dismiss.").

Here, Parsons merely offers an affidavit stating she was not aware that an amendment was required. This is insufficient. The Sixth Circuit's "'absence of bad faith' inquiry focuses on affirmative actions taken by the debtor to notify the trustee or bankruptcy court of an omitted claim." *See Kimberlin*, 520 F. App'x at 315. An affidavit such as Parsons's "pale[s] in comparison" to the

9

evidence of good faith that has precluded the application of judicial estoppel in other cases. *Id.* ("Kimberlin's affidavit alleging unintentional omission 'pale[s] in comparison' to the evidence of good faith presented in *Stephenson* and *Eubanks*."); *Piper*, 2011 WL 4565432, at *6 ("[T]he court can detect no basis, in light of *White*, to give credence to the plaintiff's claims that she did not understand the materials that she was submitting or did not know what she was to disclose or when she was to make disclosures."). Parsons made no attempt to notify the bankruptcy court of this cause of action prior to defense counsel advising her of her failure to do so. As noted above, courts do "not consider favorably" a plaintiff's attempts to amend her bankruptcy filings that occur only after the opposing party has pointed out her failure to disclose a cause of action. *White*, 617 F.3d at 481. Although Parsons successfully amended her bankruptcy schedules, it was simply too little, too late. *See Williams v. Saxon Mortg. Servs., Inc.*, No. 13–10817, 2014 WL 765055, at *9 (E.D. Mich. Feb. 26, 2014) ("Simply put, an after-the-fact effort to amend is insufficient to show a lack of bad faith.") (internal quotation marks omitted); *Curry v. Brother Int'l, L.P.*, No. 11–2912, 2013 WL 3874702, at *12 (W.D. Tenn. July 25, 2013) (holding that the plaintiff did not demonstrate the absence of bad faith because, although she amended her petition, she did so over one year after filing suit and then only after the issue was raised in litigation).

Parsons also argues that Defendant has suffered no unfair detriment. The Supreme Court indicated in *New Hampshire v. Maine*, 532 U.S. 742 (2001) that three factors are relevant in deciding whether to apply judicial estoppel: "(1) 'a party's later position must be clearly inconsistent with its earlier position'; (2) 'whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled'; and (3) 'whether

10

the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Lewis*, 141 F. App'x at 425 (quoting *New Hampshire*). "These factors, however, are not 'inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel,'" and the Sixth Circuit does not emphasize the "unfair detriment" factor in the undisclosed-employment-claim context. *See id.* (quoting the factors outlined in *New Hampshire* and noting that the Sixth Circuit has formulated a judicial estoppel standard focused on the other factors identified in *New Hampshire*). As it is bound to do, the Court applies the standard that has been articulated by the Sixth Circuit on numerous occasions, which looks not to the detriment suffered by the opposing party, but to whether the plaintiff has concealed her claim from her creditors. *See, e.g.*, *Javery*, 741 F.3d at 697-98; *Kimberlin*, 520 F. App'x at 314; *White*, 617 F.3d at 476. Parsons did so, only notifying the bankruptcy court and her creditors of her failure to disclose this cause of action after it had been brought to her attention by defense counsel. The fact that Defendant suffers no detriment from Parsons's failure to disclose this cause of action is of little consequence.

Parsons did not abide by her continuing duty to disclose her assets to the bankruptcy court and her creditors. Although she subsequently amended her bankruptcy schedules, she did so only after opposing counsel acknowledged her omission. The Court concludes Parsons is barred from raising this claim by the doctrine of judicial estoppel.

## IV.  CONCLUSION

For the foregoing reasons, the Court agrees with Defendant that judicial estoppel precludes Parsons from pursuing her ADA claim and will **GRANT** Defendant's motion for summary judgment (Court File No. 40).

11

**An Order shall enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**